UPON A REHEARING EN BANC
BARROW, Judge.
We granted a rehearing en banc in this criminal appeal because of a dissent in thé panel decision.[1] The appeal challenges the sufficiency of the evidence to convict the defendant of carrying a concealed weapon. We hold that carrying a weapon in one’s back pocket, covered by a duffle bag, constitutes carrying a concealed weapon if the handle of the weapon, the only part of the weapon extending outside of the pocket, is concealed by the duffle bag.
*372 Carrying a pistol, “hidden from common observation,” without a permit to do so, is unlawful. Code § 18.2-308. Such a weapon is “hidden from common observation when it is observable but is of such deceptive appearance as to disguise the weapon’s true nature.” Id.
In this case, a police officer, who knew the defendant and knew that he “sometimes carrie[d] a weapon,” approached the defendant in his vehicle. The police officer was driving on the right side of the road. The defendant was walking away from him on the left side of the road. Therefore, the officer could see the defendant’s right side and rear. The officer did not see a weapon on the defendant; however, he did see a blue duffle bag that hung from a strap across the defendant’s shoulder. The duffle bag “hung down about waist level and hip level on [the defendant’s] right side.”
The officer stopped, got out of his vehicle, and approached the defendant from the defendant’s rear. He still did not see a weapon on the defendant, but saw the duffle bag on his right hip. He called to the defendant, who turned to face the officer. When the officer reached the defendant, the officer asked the defendant if he had a gun on him. The defendant moved his right hand toward his rear pocket, and the officer grabbed his hand, whirled him around, and saw the handle of a firearm protruding from the defendant’s right, rear pocket.
The officer later testified that he did not see the gun when he first saw the defendant because “of the bag over his right side.” Similarly, the trial court could have reasonably inferred that the gun was not visible to the officer because it was covered with the duffle bag.[2]
If the gun was in the defendant’s right rear pocket and its handle, the only part extending outside of his pocket, was covered by the duffle bag, the weapon was hidden from common observation. It was hidden from all except those *373 with an unusual or exceptional opportunity to view it. The defendant had no permit to carry a weapon so hidden from public view. Therefore, his concealment of it in this fashion was unlawful.
The judgment of conviction is affirmed.

Affirmed.

. Main v. Commonwealth, 19 Va.App. 272, 450 S.E.2d 772 (1994).

. On appeal, we must not only view the evidence in the light most favorable to the prosecution, but also grant to it "all reasonable inferences fairly deducible” from the evidence. Josephs v. Commonwealth, 10 Va.App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc)