COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


DWAYNE LAVERE BARLEY, S/K/A
 DYWAYNE LAVERNE BARLEY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0117-00-3         JUDGE LARRY G. ELDER
                                       NOVEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    James F. Ingram, Judge

          S. Jane Chittom (Elwood Earl Sanders, Jr.,
          Appellate Defender; Public Defender
          Commission, on briefs), for appellant.

          Shelly R. James, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Dwayne Lavere Barley (appellant) appeals from his bench

trial conviction for carrying a concealed weapon in violation of

Code § 18.2-308, his second such offense.  On appeal, he

contends the trial court erroneously held (1) the statute did

not require proof of intent to conceal and (2) the evidence was

sufficient to support his conviction.  We hold the trial court

did not rule that the statute does not require proof of intent

to conceal.  Further, assuming without deciding that intent is

an element of the offense of carrying a concealed weapon, we

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

hold the evidence was sufficient to support his conviction.

Therefore, we affirm.

A.

INTENT TO CONCEAL

Appellant contends the trial court erroneously ruled that Code § 18.2-308(A) does not require proof of a specific intent to conceal. We hold the trial court made no such ruling.

Counsel for appellant, in questioning appellant, asked him about how his prior conviction for carrying a concealed weapon "affect[ed] the way [he] would treat and carry this particular gun." The Commonwealth objected, indicating that counsel could ask about appellant's behavior on this particular occasion for purposes of determining whether the weapon was concealed but objected to the type of evidence counsel offered to prove concealment or lack thereof. Appellant's counsel argued that the evidence he sought was relevant to appellant's state of mind on that particular occasion. The Commonwealth argued that appellant's state of mind was not in fact relevant to the question of whether the weapon was concealed; it did not specifically argue that appellant's intent was not relevant. The trial court agreed with the Commonwealth that the issue was concealment on this particular occasion.

We interpret this exchange as a ruling that evidence of what appellant knew about the legality of concealing a weapon was not an appropriate means of proving whether he was carrying

-

a concealed weapon on this particular occasion. Cf. Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 648, 20 S.E.2d 489, 491 (1942) (noting majority rule in tort actions that evidence that a driver acted carefully and cautiously on prior occasions "is ordinarily not admissible to show that he was acting with care and caution . . . when the accident in question happened"). On that basis, it held the proffered testimony was inadmissible.[1] This determination did not also constitute a ruling that intent was irrelevant to a determination of whether the weapon was concealed within the meaning of the statute. Appellant's counsel in fact argued in closing that appellant put the weapon on the car's console so that it would be visible rather than concealed, implying that counsel did not interpret the trial court's prior ruling as a conclusion that intent was irrelevant. Appellant did not request such a ruling in the trial court, and the trial court made no such ruling. Therefore, we find it unnecessary to address whether intent to conceal is an element of the offense.[2]

---

[1] We do not address the merits of this ruling because appellant does not contest the exclusion of this evidence on appeal. The issue is properly before us only in the context of appellant's contention that it constituted a ruling that intent is not an element of the crime of carrying a concealed weapon.

[2] For purposes of reviewing the sufficiency of the evidence, we assume without deciding that proof of intent to conceal is required.

-

B.

## SUFFICIENCY OF THE EVIDENCE

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible.  See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).  Further, any element of a crime may be proved by circumstantial evidence, see, e.g., Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), provided the evidence as a whole "is sufficiently convincing to exclude every reasonable hypothesis except that of guilt," Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Appellant contests only the sufficiency of the evidence to establish that the weapon was "hidden from common observation," as required to support a conviction for violating Code § 18.2-308(A).  Assuming without deciding the statute requires proof of intent to conceal, the circumstantial evidence, viewed in the light most favorable to the Commonwealth, supported a finding that appellant did, in fact, intentionally place the weapon beneath the jacket.  Appellant told Officer Ford the weapon was in the passenger seat, and Ford found the weapon

-

there, positioned beneath the windbreaker.  Appellant himself testified that the weapon could not have fallen from the console to a location beneath the jacket.  Finally, no evidence indicated that anyone besides appellant approached the car and put the weapon beneath the jacket.  Therefore, the only reasonable hypothesis flowing from the circumstantial evidence, viewed in the light most favorable to the Commonwealth, is that appellant intentionally placed the weapon beneath the jacket before he exited the car.

Appellant also contends on appeal that the weapon was not "hidden from common observation" because it was covered "only by a readily movable windbreaker style jacket."  However, because appellant failed to raise this specific argument in the trial court, it is barred on appeal.  See Rule 5A:18.  Further, even if not barred, this claim lacks legal foundation.  As argued by the Commonwealth, Code § 18.2-308(A) requires only that the weapon is hidden from common observation, not that the covering is difficult to remove.  "Accessibility of a concealed weapon for 'prompt and immediate use' is clearly the evil proscribed by the statute."  Leith v. Commonwealth, 17 Va. App. 620, 622, 440 S.E.2d 152, 153 (1994) (quoting Schaaf v. Commonwealth, 220 Va. 429, 431, 258 S.E.2d 574, 574-75 (1979)); Clarke v. Commonwealth, 32 Va. App. 286, 527 S.E.2d 484 (2000); Main v. Commonwealth, 20 Va. App. 370, 372-73, 457 S.E.2d 400, 401-02 (1995) (en banc).  Thus, the fact that the windbreaker was

-

"readily movable" supports rather than weakens appellant's conviction.

    For these reasons, we reject appellant's contention that the trial court held the statute does not require proof of intent to conceal.  Further, assuming without deciding that intent is an element of the offense of carrying a concealed weapon, we hold the evidence was sufficient to prove appellant intentionally "hid[] [the weapon] from common observation" in violation of the statute.  Therefore, we affirm appellant's conviction.

<u>Affirmed.</u>
