COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


JAMES JUNIOR FOUNTAIN

                                    MEMORANDUM OPINION* BY
v.    Record No. 0262-01-2        JUDGE ROBERT J. HUMPHREYS
                                         MAY 7, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                  Paul M. Peatross, Jr., Judge

            Andrea S. Lantz, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


James Junior Fountain appeals his conviction, after a bench trial,

for possession of a firearm after having been previously convicted

of a felony, in violation of Code § 18.2-308.2.[1]  Fountain

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

    [1] Fountain was charged with concealed possession of "a weapon
designed or intended to propel a missile of any kind," after
having been previously convicted of a felony, in violation of Code
§ 18.2-308.2.  Fountain was correctly indicted and arraigned on
this charge.  However, both the conviction and sentencing orders
state that Fountain was convicted of being a "felon in possession
of a firearm."  The Commonwealth contends in their brief on appeal
that the conviction and sentencing orders demonstrate a clerical
error in this regard; we granted the Commonwealth leave to request
that the trial court consider a motion to correct the orders, nunc
pro tunc, and the trial court entered the orders December 21,
2001, nunc pro tunc, February 15, 2001, correcting the clerical
error.  Fountain does not challenge this on appeal and argues on

contends the trial court erred in finding the evidence sufficient as a matter of law to support the conviction.[2]  We disagree and affirm the conviction.

When the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.[3]

So viewed, the evidence presented at trial established that on the evening of September 18, 1998, Officer John McKay, of the Albemarle Police Department, was patrolling the area of the Milton Boat Landing when he observed a vehicle parked at the bottom of the landing, past a sign indicating the area was closed.  McKay found Fountain and a female inside the car, which he described as a "small, two seat" 1986 Nissan 300ZX.  McKay informed Fountain that the area was closed and asked to see his driver's license.

---

brief only that the weapon was not a "firearm" and that his conviction for "unlawfully, feloniously, knowingly and intentionally, after having been convicted of a felony, carrying on or about his person, hidden from common observation, a weapon designed or intended to propel a missile of any kind," was in error.

[2] Fountain was also tried on one count of possession of cocaine.  However, the trial court acquitted him of this charge.

[3] Cook v. Commonwealth, 219 Va. 769, 770, 250 S.E.2d 361, 362 (1979).

-

Fountain presented his license to McKay.  After running a "wanted check" on his license, McKay learned that there was an outstanding capias for Fountain.  McKay then placed Fountain under arrest and put him in his patrol car.

Upon searching Fountain's car, McKay found marijuana, rolling papers, razor blades and Fountain's wallet in the console of the car.  McKay also found a "small corncob pipe" in front of the driver's seat, "where Fountain's feet would have been."  Finally, he found a pellet gun "stuffed" between the driver's seat and the console.  McKay could not see the gun when Fountain was in the car "because his leg was next to it."  However, after Fountain and the passenger had gotten out of the car, when McKay "stuck [his] head in . . . [he] could see the [pellet gun] . . . ."  He stated, "very little . . . just the very back of the grip" of the gun protruded above the level of the seat.  Fountain claimed that the gun belonged to his wife and that he had forgotten it was in the car.  Fountain had been previously convicted of malicious wounding, a felony.

At the close of the Commonwealth's evidence, Fountain raised a motion to strike arguing that the Commonwealth had failed to establish concealment, as well as Fountain's knowledge of the presence of the gun at the time he was approached by McKay.  The trial court denied the motion.  Fountain renewed his motion at the close of the evidence.  It was again denied by the trial court.

On appeal, Fountain contends only that the trial court erred in

-

finding the evidence sufficient to support the conviction because the Commonwealth failed to establish that Fountain concealed the gun, or that he intended to conceal the gun.

Code § 18.2-308.2 provides as follows, in relevant part:

> A.  It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308.

Pursuant to Code § 18.2-308(A), as it read at the time of the offense, it is a crime to conceal from common observation, "any pistol, revolver, or other weapon designed or intended to propel a missile of any kind . . . or [] any weapon of like kind as those enumerated in this subsection . . . ."[4]

Referring to Code § 18.2-308, the Supreme Court of Virginia has stated "'[t]he purpose of the statute [is] to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use.'"[5] Code § 18.2-308.2(A) defines a concealed weapon as one "hidden from common observation."  "Such a weapon is 'hidden from common observation when it is observable[,] but is of such deceptive

---

[4] In 2001, the General Assembly amended the section by inserting the phrase "by action of an explosion of any combustible material" at the end of clause (i) in subsection A.

[5] Schaaf v. Commonwealth, 220 Va. 429, 430, 258 S.E.2d 574, 574-75 (1979) (quoting Sutherland's Case, 109 Va. 834, 65 S.E. 15 (1909)).

-

appearance as to disguise the weapon's true nature.'"[6]  Therefore, where a weapon is "hidden from all except those with an unusual or exceptional opportunity to view it," it is hidden from public view and "concealment of it in this fashion [is] unlawful."[7]  Here, the evidence, when viewed in the light most favorable to the Commonwealth, demonstrates that initially McKay was unable to see the gun "because [Fountain's] leg was next to it."  Further, once Fountain got out of the car and McKay "stuck [his] head in the car," he could see "very little" of the pellet gun – namely, "just the very back of the grip" of the gun, protruding above the seat. From this evidence, the fact finder could infer beyond a reasonable doubt that the pellet gun was "hidden from all except those with an unusual or exceptional opportunity to view it" and therefore, that it was concealed from public view.[8]  We do not address Fountain's argument concerning whether the Commonwealth established he intended to conceal the gun, or whether he made some conscious effort to conceal it, as our review of the record reveals that Fountain raised no such argument below.  Instead, Fountain merely argued that the gun was not factually concealed.

---

[6] Main v. Commonwealth, 20 Va. App. 370, 372, 457 S.E.2d 400, 401 (1995).

[7] Id. at 372, 373, 457 S.E.2d at 402.

[8] See id. at 371, 457 S.E.2d at 401 ("We hold that carrying a weapon in one's back pocket, covered by a duffle bag, constitutes carrying a concealed weapon if the handle of the weapon, the only part of the weapon extending outside of the pocket, is concealed by the duffle bag.").

Thus, Rule 5A:18 bars our consideration of this issue.[9]  Further, the record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.[10]

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

---

[9] See Rule 5A:18; see also Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("The Court of Appeals will not consider an argument on appeal which was not presented to the trial court.").

[10] Nevertheless, the evidence clearly demonstrated that Fountain had knowledge the gun was in the car, as he told Officer McKay that "he'd forgot[ten] that it was in the car." Further, the gun was found between the driver's seat and the console of the "small, two seat, sports" car.  Thus, it was directly next to Fountain as he operated the car.  Further, Fountain's wallet was in the console between the seats.  From these facts, it is reasonable to assume that the gun was at least visible to Fountain while he was in the car.

-