COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, Felton and Haley
Argued at Richmond, Virginia


RICHARD D. WEATHERFORD

MEMORANDUM OPINION[*] BY
v.        Record No. 1854-04-2          JUDGE WALTER S. FELTON, JR.
                                        JUNE 28, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Joseph W. Kaestner (Kaestner & Associates, P.C., on brief), for
appellant.

Kathleen B. Martin, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Richard D. Weatherford (appellant) was convicted following a bench trial of possession

of a concealed weapon in violation of Code § 18.2-308.  The trial court imposed a sentence of 20

days in jail, suspended on the condition that appellant be of good behavior, and a $400 fine.  On

appeal, appellant argues that the evidence was insufficient to find him guilty because the

Commonwealth failed to establish he had hidden the shotgun from common observation.

Finding no error on the part of the trial court, we affirm the conviction.

I.

Because the parties below are fully conversant with the facts, and as this opinion carries

no precedential value, we cite only those facts that are necessary to the decision.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

Applying that standard, the evidence proved that after dark on February 22, 2004, Richmond Police Officer Provost stopped the car appellant was driving for playing "excessively loud music." The police department frequently received complaints of loud music coming from cars driving in that area. During the stop, appellant complied with Officer Provost's request that he produce his driver's license and vehicle registration, and cooperated by answering the officer's questions. As he was talking with appellant, Officer Provost noticed movement by the passenger in the right front seat of appellant's car and asked him to sit still. Both appellant and his passenger were wearing long coats. When Officer Provost resumed talking with appellant, he told the officer that he had a gun in the car, but did not specify the type of gun or its location. At that time, the officer was unable to see any gun in the car. He ordered appellant out of the vehicle, and patted him down for his safety. After appellant was outside the car, Officer Provost saw a small case in the middle of the console separating the front seats and removed it. The case contained only compact discs (CDs). The passenger was also removed from the car and patted down. After both occupants were outside of the car, the officer was still unable to see any gun inside the car. He entered the car and, using his flashlight, discovered a 12-gauge shotgun on the floorboard between the center console and the passenger seat.

After Officer Provost administered the Miranda warnings to appellant, he admitted the shotgun belonged to him, and that he had used the shotgun earlier in the week target shooting. He told the officer he did not put the shotgun in the trunk of the car because the speaker "boom box" took up the entire room in the trunk. The officer testified that, on his inspection of the trunk, there was room for the shotgun.

II.

On appeal, appellant argues, as he did at trial, that the evidence was insufficient to convict him because the shotgun had not been hidden from common view and observation, but simply was not readily visible to the officer because it was dark and because he and his passenger were wearing bulky coats. He also contends that the shotgun was not concealed because he had disclosed its presence in the car to the officer prior to its being found by him.

Code § 18.2-308(A) prohibits a person from carrying a weapon "about his person, hidden from common observation." "'About the person' must mean that it is so connected with the person as to be readily accessible for use or surprise if desired." Schaaf v. Commonwealth, 220 Va. 429, 430, 258 S.E.2d 574, 575 (1979) (quoting Sutherland's Case, 109 Va. 834, 835, 65 S.E. 15, 15 (1909)). "Whether a weapon is upon a person or is readily accessible are largely questions of fact that must be left to reasonable inferences drawn by the fact finder from the facts and circumstances of the case." Leith v. Commonwealth, 17 Va. App. 620, 621, 440 S.E.2d 152, 153 (1994). "'The judgment of the court sitting without a jury will not be set aside unless it is plainly wrong or without evidence to support it.'" Id. (quoting Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992)).

This Court has previously held that "a weapon is hidden from common view . . . when it is 'hidden from all except those with an unusual or exceptional opportunity to view it.'" Clarke v. Commonwealth, 32 Va. App. 286, 303, 527 S.E.2d 484, 493 (2000) (quoting Main v. Commonwealth, 20 Va. App. 370, 372-72, 457 S.E.2d 400, 402 (1995) (*en banc*)); see also Winston v. Commonwealth, 26 Va. App. 746, 756, 497 S.E.2d 141, 146 (1998).

In Clarke, a police officer found a handgun in the pocket compartment in the fabric covering the back of the car's front passenger seat in which the defendant was sitting. Id. at 302, 527 S.E.2d at 492. The gun became visible only when the officer was close enough to the car to

look directly down into the seat compartment. This Court held that the discovery of the gun gave police probable cause to arrest the defendant for possession of a concealed weapon. Id. at 303, 527 S.E.2d at 493.

Here the trial court found credible Officer Provost's testimony that he did not see the shotgun until he "actually got into the vehicle" with his flashlight and began his search after both the defendant and the passenger were outside. The shotgun, purportedly used for target practice earlier in the week, was found not in open view, but was discovered on the floorboard between the center console and the passenger seat, hidden from common view and observation. We conclude that the record before us contains credible evidence from which the trial court could reasonably determine that the shotgun was concealed in violation of Code § 18.2-308.

III.

Appellant further argues that his disclosure to the officer of the shotgun's presence in the car, prior to its discovery by the officer, is a defense to the charge of possessing a concealed weapon. In short, appellant argues that by telling the officer of the weapon's presence, he alerted the officer and prevented the officer from being "surprised and threatened" by the shotgun.[1]

We find no merit in appellant's contention that disclosure of the presence of a concealed weapon after a traffic stop has been made, and prior to its discovery, is a defense to a prosecution under Code § 18.2-308. Concealed weapons statutes are enacted to protect the public by prohibiting individuals from having concealed, but readily available for use, weapons of which

---

[1] In its brief on appeal, the Commonwealth argues that appellant failed to include as a question presented in his petition for appeal whether his disclosure of the gun's presence was a defense to the charge of concealment. It argues that he is thereby procedurally barred from raising this question for the first time in his opening brief and at oral argument. See Rule 5A:12(c). We view appellant's delayed disclosure to Officer Provost that he had a gun in the car simply as evidence to be weighed by the trial court in determining whether the gun was concealed pursuant to Code § 18.2-308.

others are unaware.[2] Leith at 622, 440 S.E.2d at 153-54. In Leith, a driver, stopped by a police officer during a traffic stop, told the officer that he had a pistol in a locked console compartment adjacent to the driver's seat, and that the key to the lock was on his key ring with the vehicle's ignition key. Id. at 621, 440 S.E.2d at 153. The officer retrieved the pistol from the locked console and then arrested the driver for carrying a concealed weapon. Affirming his conviction of carrying a concealed weapon, this Court found that the weapon was still accessible to the driver "without much difficulty" even though the console was locked. Id. at 622, 440 S.E.2d at 154 (citations omitted).

The fact that appellant alerted Officer Provost to the weapon's presence, after the passenger was told to remain still, did not mean that the shotgun was not concealed. It was only after both occupants of the car were removed that Officer Provost entered the car and, using his flashlight, located the shotgun, readily accessible to both appellant and his passenger, on the floorboard between the center console and the passenger's seat, and hidden from common observation. Moreover, appellant did not inform the officer of the type of gun or its location within the car. His revelation that he had a gun did not make its location known to Officer Provost who searched appellant's person, the CD case, and the front floorboard before finding the shotgun.

The record before us supports the trial court's conclusion that the shotgun found in appellant's car was concealed from common view and observation. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient from which a rational

---

[2] Appellant does not contend that he had a permit to carry a concealed weapon or that any of the exceptions in Code § 18.2-308 apply.

trier of fact could find beyond a reasonable doubt that appellant was guilty of carrying a

concealed weapon in violation of Code § 18.2-308.  The judgment of the trial court is affirmed.

<u>Affirmed.</u>