COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Clements
Argued at Richmond, Virginia


CHRISTOPHER RICHMOND COLEMAN

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2021-07-2                     JUDGE LARRY G. ELDER
                                                   OCTOBER 14, 2008

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Beverly W. Snukals, Judge

                Catherine French, Assistant Public Defender (Karen L. Stallard,
                Supervising Appellate Defender; Office of the Public Defender, on
                brief), for appellant.

                J. Robert Bryden, II, Assistant Attorney General (Robert F.
                McDonnell, Attorney General, on brief), for appellee.


        Christopher Richmond Coleman (appellant) appeals from his bench trial convictions for

possession of oxycodone, possession of heroin with intent to distribute, possession of a firearm

while in possession of heroin, possession of a firearm by a convicted felon, and obstruction of a

law enforcement officer in the performance of his duty.  On appeal, he argues the trial court

erroneously denied his motion to suppress because the officers lacked probable cause to arrest or,

alternatively, that if they had probable cause, they were required to release him on a summons.

He also contends he was authorized to resist the arrest because it was unlawful and that, even if it

was not unlawful, the evidence was insufficient to support his conviction for obstruction.

        We hold the trial court did not err in denying the motion to suppress because, even

assuming the arrest and search violated state law requiring release on a summons, the officers

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

had probable cause to believe appellant committed the misdemeanor of possessing a concealed weapon and, thus, the arrest and search did not run afoul of the United States or Virginia Constitution. We also hold the evidence supported appellant's conviction for obstructing a law enforcement officer in the performance of his duties. Accordingly, we affirm the challenged convictions, subject to remand solely for correction of a clerical error in the conviction and sentencing orders.[1]

## I. ANALYSIS

## A. MOTION TO SUPPRESS

On appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth. Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all . . . evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,]

---

[1] Appellant was indicted on the ground that he did "unlawfully, without just cause, knowingly obstruct a law enforcement officer in the performance of his duties or fail[ed] or refuse[d] without just cause to cease such obstruction when requested to do so." This behavior is proscribed by Code § 18.2-460(A), whereas the indictment erroneously cites Code § 18.2-460(B), which proscribes "knowingly attempt[ing] to intimidate or impede," through "threats or force," a law enforcement officer "lawfully engaged in his duties." The sentencing order also erroneously cites subsection (B). Both offenses are Class 1 misdemeanors.

"Error in the citation of the statute . . . that defines the offense or prescribes the punishments therefor, or omission of the citation, shall not be grounds . . . for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense." Rule 3A:6(a); see also Stamper v. Commonwealth, 228 Va. 707, 713, 324 S.E.2d 682, 686 (1985). Appellant has posed no objection to this error and has not alleged any prejudice.

Because the conviction and sentencing orders erroneously cite subsection (B), we remand to the trial court solely for the correction of these clerical errors. See Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994).

and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc). However, we review *de novo* the trial court's application of defined legal standards, such as whether the police had reasonable suspicion or probable cause for a search or seizure. Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911, 920 (1996); see also, e.g., Lowe v. Commonwealth, 230 Va. 346, 348 n.1, 337 S.E.2d 273, 275 n.1 (1985) (explaining that protections under Virginia's Constitution and statutes are "substantially the same as those contained in the Fourth Amendment").

Here, the trial court implicitly found the officers had first reasonable suspicion and then probable cause to believe appellant possessed a weapon that was concealed in violation of Code § 18.2-308, and the evidence and reasonable inferences therefrom supported that finding. Pursuant to Code § 18.2-308,

> If any person carries about his person, hidden from common observation, (i) any pistol, revolver, or other weapon [as defined in the statute] . . . , he shall be guilty of a Class 1 misdemeanor. . . . For the purpose of this section, a weapon shall be deemed to be hidden from common observation when it is observable but is of such deceptive appearance as to disguise the weapon's true nature.

Code § 18.2-308(A). We have held that where the handle of a weapon protruded from an individual's back pocket but was largely obscured by a duffel bag hanging from the individual's shoulder, "the weapon was hidden from common observation." Main v. Commonwealth, 20 Va. App. 370, 372-73, 457 S.E.2d 400, 401-02 (1995) (en banc); see also Slayton v. Commonwealth, 41 Va. App. 101, 106-07, 582 S.E.2d 448, 450-51 (2003) (discussing the existence of probable cause to support the arrest of an individual where "a 'couple of inches' of the butt of [a] handgun protrud[ed] from [the defendant's coat] pocket"). Although that statute

provides for the issuance of a "permit to carry a concealed handgun," it states that only persons "21 years of age or older may apply" for such a permit. Code § 18.2-308(D).

An officer may effect an investigatory detention upon reasonable suspicion that the detainee is "'subject to seizure for violation of the law.'" Murphy v. Commonwealth, 9 Va. App. 139, 143, 384 S.E.2d 125, 127 (1989) (quoting Delaware v. Prouse, 440 U.S. 648, 663, 99 S. Ct. 1391, 1401, 59 L. Ed. 2d 660, 673 (1979)). In order to justify an investigatory detention, an "officer must be able to articulate more than an 'inchoate and unparticularized suspicion or "hunch,"'" Illinois v. Wardlow, 528 U.S. 119, 123-24, 120 S. Ct. 673, 676, 145 L. Ed. 2d 570, 576 (2000) (quoting Terry v. Ohio, 392 U.S. 1, 27, 88 S. Ct. 1868, 1883, 20 L. Ed. 2d 889, 909 (1968)), but the articulable suspicion "need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard," United States v. Arvizu, 534 U.S. 266, 274, 122 S. Ct. 744, 751, 151 L. Ed. 2d 740, 750 (2002).

An officer who develops such reasonable suspicion concerning a person may "detain him briefly[] while attempting to obtain additional information" in order to confirm or dispel his suspicions. Hayes v. Florida, 470 U.S. 811, 816, 105 S. Ct. 1643, 1647, 84 L. Ed. 2d 705, 711 (1985). Even "[b]rief, complete deprivations of a suspect's liberty, including handcuffing, 'do not convert [an investigative detention] into an arrest so long as the methods of restraint used are reasonable to the circumstances.'" Thomas v. Commonwealth, 16 Va. App. 851, 857, 434 S.E.2d 319, 323 (1993) (quoting United States v. Crittendon, 883 F.2d 326, 329 (4th Cir. 1989)), aff'd on reh'g en banc, 18 Va. App. 454, 444 S.E.2d 275 (1994).

Probable cause, although requiring a higher quantum of evidence than reasonable suspicion, nevertheless

> relates to probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons. The presence or absence of probable cause is not to be examined from the perspective of a legal technician. Rather,

> probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.

Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981). "'The substance of all the definitions of probable cause is a reasonable ground for the belief of guilt. And this means less than evidence which would justify condemnation or conviction.'" Slayton, 41 Va. App. at 107, 582 S.E.2d at 451 (quoting Brinegar v. United States, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310, 93 L. Ed. 2d 1879, 1890 (1949) (citations and internal quotation marks omitted)). Thus, evidence sufficient to provide probable cause to arrest for a crime need not be evidence sufficient to convict for that offense. Id.

The evidence and the reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth, support a finding that when the officers forcibly removed appellant from the vehicle, they had reasonable suspicion to believe he was carrying a weapon that was concealed within the meaning of the statute. When the officers first turned onto the street where the car was improperly parked and observed the argument taking place, appellant was wearing a flight jacket that came down to "waist level," and none of the officers observed the weapon in appellant's rear pocket. Officer Neville testified he first saw what he thought was the butt of a firearm protruding from appellant's rear pants pocket "*[a]s [appellant] got into the back [of the improperly parked car], as he sat down*." (Emphasis added). A reasonable inference from this evidence is that the handle of the firearm was partially obscured by appellant's jacket until he began to climb into the back seat of the vehicle. Officer Neville relayed to Officers Verbena and Fitzpatrick what he thought he had seen. Only after Officer Verbena examined appellant's identification, which indicated appellant was eighteen years old, did Officers Verbena and Neville remove appellant from the vehicle. Thus, when the officers seized appellant to remove

- 5 -

him from the vehicle, they knew he was eighteen years old, and they had reasonable suspicion to believe he was carrying a concealed weapon without a permit in violation of the statute.

This reasonable suspicion justified their removing appellant from the vehicle by force in order to permit them to investigate further, and once they did so, Officer Neville immediately saw a semiautomatic handgun where appellant had been sitting.[2]  At that time, the officers had probable cause[3] to believe appellant had been carrying a weapon that was concealed within the meaning of the statute.[4]

We need not consider whether appellant's arrest violated Code § 19.2-74, which requires that an individual arrested for a Class 1 misdemeanor be released on a summons unless one of several statutory conditions applies.  Even assuming the terms of Code § 19.2-74 entitled appellant to be released on a summons, this alleged violation of state law did not entitle appellant to invoke the search and seizure provisions of the United States or Virginia Constitution to

---

[2] We need not address whether reasonable suspicion of illegal possession of a firearm, absent evidence of dangerousness, justifies a frisk.  Here, the officers had reasonable suspicion of illegal firearm possession and developed probable cause for arrest based on that belief before any frisk or search took place.

[3] Contrary to the Commonwealth's assertion, we hold appellant preserved for appeal his argument that the officers lacked probable cause to arrest him for carrying a concealed weapon. He argued at the suppression hearing that when the traffic stop had concluded, he should have been allowed to decline the officers' request to step out of the vehicle and permitted to leave the scene.  Implicit in this argument is the assertion that the officers lacked reasonable suspicion or probable cause to detain or arrest him for carrying a concealed weapon before they pulled him out of the car and saw the firearm.

[4] We need not consider whether the evidence would have been sufficient to *convict* appellant for carrying a concealed weapon because after the officers determined they had sufficient evidence to charge him with felony firearm and drug offenses, they opted not to charge him for the misdemeanor concealment offense.  See Slayton, 41 Va. App. at 109, 582 S.E.2d at 452 (noting the fact that Slayton was ultimately arrested for more serious drug and firearms offenses and not charged for possession of a concealed weapon "does not preclude the concealed weapon basis for Slayton's search incident to arrest" because the validity of an arrest is "'normally gauged by an objective standard'" (quoting Limonja v. Commonwealth, 8 Va. App. 532, 538, 383 S.E.2d 476, 480 (1989) (en banc))).

suppress the fruits of the search conducted incident to arrest. <u>See</u> <u>Janis v. Commonwealth</u>, 22 Va. App. 646, 651, 472 S.E.2d 649, 652 (holding that exclusion is not an appropriate remedy when a state statute is violated "'absent an express statutory provision for suppression'" (quoting <u>Troncoso v. Commonwealth</u>, 12 Va. App. 942, 944, 407 S.E.2d 349, 350 (1991))), <u>aff'd on reh'g en banc</u>, 23 Va. App. 696, 479 S.E.2d 534 (1996). The United States Supreme Court recently held, subsequent to the trial court's ruling on the motion to suppress, that as long as "an officer has probable cause to believe a person committed even a minor crime in his presence, . . . [t]he arrest is constitutionally reasonable," even if it violates state law. <u>Virginia v. Moore</u>, ___ U.S. ___, ___, 128 S. Ct. 1598, 1604, 170 L. Ed. 2d 559, 567 (2008). "When officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest," and "while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." <u>Id.</u> at ___, 128 S. Ct. at 1607, 1608, 170 L. Ed. 2d at 571, 572. Thus, even if the search of appellant incident to arrest violated state law, appellant was not entitled under federal or state constitutional law to suppression of the fruits of his arrest and the related search.

Accordingly, we hold the trial court's denial of appellant's motion to suppress was not error.

### B. SUFFICIENCY OF THE EVIDENCE TO PROVE OBSTRUCTION

In ruling on appeal on the sufficiency of the evidence to support a conviction, like in ruling on the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. <u>E.g.</u> <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Code § 18.2-460 provides in relevant part as follows:

> If any person without just cause knowingly obstructs . . . any law-enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer, he shall be guilty of a Class 1 misdemeanor.

Code § 18.2-460(A). To constitute a violation of the statute, "'it is not necessary that there be an actual or technical assault upon the officer.'" Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925) (quoting Brill's Cyclopedia of Criminal Law § 1156). The record must contain evidence of statements or acts

> "clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action and forcible or threatened means. It means to obstruct the officer himself and not merely to oppose or impede the process by which the officer is armed."

Id. at 479, 126 S.E. at 77 (quoting Brill's, supra, § 1156).

Applying these principles in Jones, the Court held evidence that the accused, who was in a car being pursued by the police, "sought to escape the officer by merely running away was not such an obstruction as the law contemplates." Id. at 478, 126 S.E. at 77. "[F]light," held the Court, "is not such an offense as will make a person amenable to the charge of resisting or obstructing an officer . . . , as there is a broad distinction between avoidance and resistance or obstruction." Id. at 478, 126 S.E. at 76-77. The Court also held that the defendant's act of "throw[ing] a two and a half bushel bag of barley into the road [in front of the police car pursuing him] does not of itself constitute an obstruction" because that act did not prove "an intention . . . 'to obstruct the officer himself,'" as opposed to an effort "'merely to oppose or impede the process with which the officer is armed.'" Id. at 479, 126 S.E. at 77 (quoting Brill's, supra, § 1156). Defendant Jones's act of throwing the barley out the window could have demonstrated an effort to dispose of evidence tending to show he was involved in the illegal

manufacture of "ardent spirits" rather than an intent "to obstruct the officer himself." Id. at 478-79, 126 S.E. at 76-77.

In Craddock v. Commonwealth, 40 Va. App. 539, 544-45, 580 S.E.2d 454, 457 (2003), by contrast, the defendant engaged in a physical struggle with officers who were attempting to strip search him. That struggle included the defendant's "'fighting and thrashing around so dramatically that it was impossible' for the officers to conduct the search" for a period of several minutes. Id. Applying the standard adopted in Jones and reiterated in Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998), we held, *inter alia*, that Craddock's "physically resist[ing] a lawful search" was "obstructive behavior" that was "sufficient to demonstrate Craddock's intent to prevent the officers from performing their duties." Craddock, 40 Va. App. at 553, 580 S.E.2d at 461.

Similarly, in appellant's case, the evidence was sufficient to support the trial court's finding that appellant, knowingly and without just cause, obstructed the officers in the performance of their duties within the meaning of the statute. Appellant not only refused the officers' order to him to get out of the vehicle in which he was a passenger; he also attempted to flee by breaking away after they had placed their hands on him to remove him from the car, and he physically resisted their efforts to put his hands behind his back and handcuff him in order to effect an arrest for the offense of carrying a concealed firearm. Officers Neville and Fitzpatrick "had to physically take [appellant] to the ground," put their weight "on top of him," and "struggle with him" for some period of time "to put his hands behind his back" in order to handcuff him. Only by working together were the two officers "eventually able" to "get [appellant's] hands behind his back" and "place him into custody." This evidence was sufficient to prove appellant "obstruct[ed] . . . any law-enforcement officer in the performance of his duties as such," as required to support his conviction for violating Code § 18.2-460.

## C. CLAIMED UNLAWFULNESS OF ARREST AS EXCUSING OBSTRUCTION

Appellant nevertheless contends he was entitled to resist the arrest because it "was made in contravention of a state statute," Code § 19.2-74, under which he claims he was entitled to be released on a summons. Appellant concedes he did not make this argument in the trial court but contends the ends of justice exception to Rule 5A:18 permits him to raise it for the first time on appeal.

We conclude the ends of justice exception does not apply because the claimed error is not "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). The evidence, viewed in the light most favorable to the Commonwealth, establishes that when appellant's refusal to cooperate began, the police had reasonable articulable suspicion to believe appellant was carrying a concealed weapon, and they were entitled to investigate their suspicion further by detaining appellant briefly and requiring him to step out of the vehicle. Although Officer Neville testified at the suppression hearing that he intended, when he asked appellant to step out of the car, to frisk appellant for weapons, the record contains no indication that he communicated this intention to appellant before appellant attempted to flee. See Whren v. United States, 517 U.S. 806, 812-13, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89, 97-98 (1996) (noting that an officer's "[s]ubjective intentions play no role in ordinary . . . Fourth Amendment analysis"); Michigan v. Chesternut, 486 U.S. 567, 576 n.7, 108 S. Ct. 1975, 1981 n.7, 100 L. Ed. 2d 565, 573 (1988) (recognizing that an officer's subjective intentions are "relevant to an assessment of the Fourth Amendment implications of police conduct . . . *to the extent that that intent has been conveyed to the person confronted*" (emphasis added)).

Once appellant attempted to flee, which occurred immediately before Neville saw the gun in the car, the officers could conclude appellant would fail to appear if issued a summons for the concealed weapon offense. In ruling on the motion to suppress, the trial court made an express

finding that appellant's attempt to flee gave the officers "reason to believe," for purposes of Code § 19.2-74, "that he was . . . a flight risk." Thus, the evidence supported a finding that when the officers subdued and handcuffed appellant, their taking him into custody rather than releasing him on a summons was lawful under Code § 19.2-74.

Accordingly, the ends of justice exception to Rule 5A:18 does not excuse appellant's failure to raise in the trial court the argument that he could not be convicted of obstructing justice because he was authorized to resist an unlawful arrest.

II.

For these reasons, we hold the denial of appellant's motion to suppress was not error and that the evidence supported appellant's conviction for obstructing justice. Thus, we affirm the challenged convictions, subject to remand only for correction of a clerical error in the conviction and sentencing orders. See supra footnote 1.

Affirmed and remanded with instructions.