# Richmond.

SUTHERLAND v. COMMONWEALTH.

June 17, 1909.

1. CONCEALED WEAPONS—*Pistol in Saddlebags*—*"About His Person"*—
*Constructive Offenses.*—A pistol in a scabbard and in a pair of
saddlebags, with the lids down, though the saddlebags be in the
hand, does not fall within the language of the statute which says:
If a person carry about his person hid from common observa-
tion any pistol," etc. The words "about his person" must mean
that it is so connected with the person as to be readily accessible
for use or surprise, if required. The act described must be
within the spirit and letter of the statute in order to constitute
a crime, and this is neither. There are no constructive offenses.

Error to a judgment of the Circuit Court of Dickinson
county.

*Reversed.*

The opinion states the case.

*S. H. Sutherland,* for the plaintiff in error.

*Attorney General Wm. A. Anderson,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

In this case the accused was charged with unlawfully carrying
about his person a pistol which was concealed from common
observation.

The evidence in support of this charge is that the accused
placed a pistol, encased in its scabbard, in a pair of saddle-bags,
pulled the lids of the saddle-bags down, hiding the pistol from

view, and carried the saddle-bags in his hand down the road until out of sight.

The question presented is whether or not it is a violation of the statute against carrying concealed weapons for a man to carry in his hand a pair of saddle-bags containing a pistol, which is hidden from common observation.

So much of the statute as is necessary to the consideration of this question is in these words: "If any person carry about his person hid from common observation, any pistol, * * * he shall be fined not less than $20.00 nor more than $100.00." Acts 1908, p. 381.

This is a penal statute, and it is an ancient maxim of the law that all such statutes must be construed strictly against the State and favorably to the liberty of the citizen. The maxim is founded on the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the legislature and not in the judicial department. No man incurs a penalty unless the act which subjects him to it is clearly within the spirit and letter of the statute which imposes such penalty. There can be no constructive offenses, and before a man can be punished his case must be plainly and unmistakably within the statute. If these principles are violated, the fate of the accused is determined by the arbitrary discretion of the judges and not by the express authority of the law. *Harris* v. *Com'th*, 81 Va. 240, 59 Am. Rep. 666; *Lascallett* v. *Com'th*, 89 Va. 878, 17 S. E. 546; *United States* v. *Wiltberger*, 5 Wheat. 76, 5 L. Ed. 37.

In the light of this fundamental rule of construction, we are of opinion that the question raised by this record must be answered in the negative. The purpose of the statute was to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use. "About the person" must mean that it is so connected with the person as to be readily accessible for use or surprise if desired. A pistol in a scabbard and in a pair of

saddle-bags with the lids down, though the saddle-bags be in the hand, does not fall within the language of the statute, which says: "If a person carry about his person, hid from common obseration, any pistol," etc.

, Evidence that the defendant had a pistol concealed under a rug in the bottom of the buggy in which he was riding was held not to be sufficient to convict him of carrying a pistol concealed about his person. *Ladd* v. *State,* 92 Ala. 58, 9 South, 401.

Evidence that the defendant had a pistol concealed in saddle-bags while riding along the public road was held not to be sufficient to convict him of carrying a pistol concealed about his person. *Cunningham* v. *State,* 76 Ala. 88.

The act of which the accused stands convicted in this case does not come within the spirit, and certainly not within the letter of the statute, which it must do.

As said by Chief Justice Marshall in *U. S.* v. *Wiltberger, supra,* "it would be dangerous indeed to carry the principle that a case which is within the reason or mischief of a statute, is within its provisions, so far as to punish a crime not enumerated in the statute because it is of a kindred character with those which are enumerated."

If the statute be less comprehensive than the legislature intended, it is for that body to extend its operation and not for the courts to do so.

The judgement must be reversed, the verdict of the jury set aside, and the case remanded for a new trial not in conflict with this opinion.

*Reversed.*