CLEVELAND (City), Plaintiff-Appellee, v. BETTS, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24372.   Decided March 13, 1958.

Ralph S. Locher, Director of Law, Bernard J. Conway, Chief Police Prosecutor, Edward V. Cain, Asst. Police Prosecutor, for plaintiff-appellee. Stanley E. Tolliver, for defendant-appellant.

**OPINION**

By SKEEL, PJ.

This appeal comes to this court on questions of law from a finding of guilty and judgment entered thereon by sentence in the Municipal Court of Cleveland.

The defendant was charged with carrying concealed weapons, the crime being charged as a violation of an ordinance of the City of Cleveland.

The facts are not in dispute. The defendant was the owner of an automobile. At 2:00 o'clock A. M. of July 9, 1957, the defendant was apprehended driving his automobile on Central Avenue, a public thoroughfare, in the City of Cleveland. Upon stopping the defendant, the police officers searched his automobile and found a loaded pistol in a locked glove compartment. The charge of carrying concealed weapons in violation of Section 11.2314 of the Codified Ordinances of the City of Cleveland was then filed against the defendant, and, upon

trial, after a plea of not guilty, the court, a jury not having been demanded, found the defendant guilty and sentence was imposed after overruling a motion for new trial.

The error assigned is that there is no evidence to support the alleged violation of Section 11.2314 of the Codified Ordinances of the City of Cleveland. It is claimed by the defendant that a pistol locked in a glove compartment of an automobile being operated and under the control of the defendant, which automobile and revolver are admittedly the property of the defendant, does not violate the provisions of the ordinance prohibiting the carrying of concealed weapons.

The ordinance provides that:

"Whoever carries a pistol, revolver, bowie.knife, dirk or other dangerous weapon concealed on or about his person, shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than $200.00 nor more than $500.00, and imprisoned not less than three months nor more than six months; provided that nothing herein contained shall be deemed to affect the right of sheriffs, police officers, constables and other persons specially authorized by law, to go armed when on duty; and provided further that upon the trial for violation of this section the defendant shall be acquitted if it appears that he was at the time engaged in a lawful business, calling, employment or occupation, and that the circumstance in which he was placed justified a prudent man in possessing such a weapon for the defense of his person, property or family." (Effective July 2, 1954.)

The defendant's contention that a concealed weapon in a glove compartment of an automobile, then in his charge and being driven by him, is not concealed on or about his person cannot be supported. The fact that the glove compartment was locked when the officers searched the automobile is of no moment. The defendant was in complete control of the situation with the key at his immediate command. Whether the compartment was locked or unlocked was a matter of the defendant's choice. The presence of defendant's revolver within easy reach was clearly "on or about" his person.

The case law of Ohio has never departed from this conclusion. In the case of **Turner v. State, 1 Oh St 422,** where the court was called upon to interpret the words "from the person" found in the statute defining robbery, the court said in the first paragraph of the syllabus:

"1. Upon the trial of an indictment for robbery, under the 15th section of the crimes act, by putting in fear the prosecuting witness, it is not necessary to show that the property taken was actually severed from his person. It is enough if the property was in his presence and under his immediate control, and he laboring under such fear, the property was taken by the accused with intent to steal or rob."

This case was cited in the case of **Porello v. The State of Ohio, 121 Oh St 280,** 161 N. E. 135, where on **page 288.** the court said:

"If 'from the person' in the robbery statute means that the property was taken either actually from the person, or from the presence or immediate control of the prosecuting witness, then surely the words concealed or on or about his person,' in §12819 **GC,** by analogy should

mean concealed in such proximity to the person as to be convenient of access and within immediate, physical reach."

The third paragraph of the syllabus of the Porello case provides:

"3. The words 'concealed on or about his person' in §12819 GC, mean concealed in such proximity to the person as to be convenient of access and within immediate physical reach."

There are many cases which consider this question but the conclusion that the words of the statute prohibiting the carrying of concealed weapons "on or about the person" mean within his immediate presence and of convenient access has been so clearly determined by the courts of this state that the citation of further authority is unnecessary. The plaintiff's assignment of error is, therefore, overruled.

We have given consideration to the error here claimed because we do not want the final conclusion reached to be considered as supporting such claim. If the City Council of Cleveland had the power to enact Section 11.2314 of the Codified Ordinances of the City of Cleveland and if the Municipal Court of Cleveland had jurisdiction to enter final judgment wherein a defendant is charged with carrying concealed weapons under the ordinance, then on the evidence here presented, a decision finding him guilty was clearly correct.

It is our view, however, that the Council of the City of Cleveland was without power to pass an ordinance defining as a misdemeanor the crime of "carrying concealed weapons" when the identical crime is defined (verbatim) as a felony in the Criminal Code of Ohio.

**Section 3. Article XVIII Ohio Constitution** provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Section 26 of Article II provides:

"All laws, of a general nature, shall have a uniform operation throughout the State; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this constitution."

**Sec. 1.06 R. C.,** provides:

"Offenses which may be punished by death or by imprisonment in the penitentiary are felonies; all other offenses are misdemeanors. As used in the Revised Code 'minor offense' is synonymous with misdemeanor."

**Sec. 2923.01 R. C.,** defining the crime of Carrying Concealed Weapons, provides:

"No person shall carry a pistol, bowie knife, dirk, or other dangerous weapon concealed on or about his person. This section does not affect the right of sheriffs, regularly appointed police officers of municipal corporations, regularly elected constables, and special officers as provided by §§311.07, 737.10, 1717.06, 1721.14, and 2917.32 R. C., to go armed when on duty. Deputy sheriffs and specially appointed police officers, except as are appointed or called into service under said sections may go armed

if they first give bond to this state, to be approved by the clerk of the court of common pleas, in the sum of one thousand dollars, conditioned to save the public harmless by reason of any unlawful use of such weapons carried by them. Persons injured by such improper use may have recourse on said bond.

"Whoever violates this section shall be fined not more than five hundred dollars, or imprisoned in the county jail or workhouse not less than thirty days nor more than six months, or imprisoned in the penitentiary not less than one nor more than three years."

This section, together with §2945.76 R. C., when read together, contains the identical provisions, except as to penalty, for the crime of carrying concealed weapons as is defined and prohibited by Section 11.2314 of the Codified Ordinances of the City of Cleveland.

Under the law of this state as indicated by the foregoing statutes, the crime of carrying concealed weapons is a felony and cannot, therefore, be the subject of a police regulation. An ordinance which attempts to define a criminal act as a misdemeanor in the identical terms as a state statute defining the same act as a felony is in direct conflict with such state statute and is unconstitutional under **Art. XVIII, Sec. 3, Ohio Constitution,** supra.

We hold, therefore, that the ordinance upon which this prosecution was founded, being unconstitutional, the Municipal Court of Cleveland was without jurisdiction to entertain the action. The judgment imposing sentence on the defendant is reversed and set aside and order held for naught and the case remanded with instructions to discharge the defendant on the affidavit filed in this case. The case is remanded to the Municipal Court of Cleveland with instructions to institute further proceedings under the proper statutes as provided by law.

HURD and KOVACHY, JJ, concur.