## Commonwealth v. Gentile

*Stephen A. Teller*, District Attorney, and *Ivo V. Giannini* and *Eugene E. Duffy*, Assistant District Attorneys, for Commonwealth.

*E. C. Marianelli* and *T. G. Wadzinski*, for defendant.

FLANNERY, J., March 18, 1960.—Defendant was indicted for carrying two revolvers in violation of The Penal Code of June 24, 1939, P. L. 872, sec. 628, as amended, 18 PS §4628(e).

He entered a plea of not guilty together with a written waiver of trial by jury and the issues raised were, on February 15, 1960, et seq., tried by this court.

The act in question provides:

"(e) No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor . . ."

Following are exceptions: (1) Peace officers generally; (2) members of the armed forces; (3) duly enrolled members of authorized organizations; (4) members of incorporated organizations engaged in target shooting; (5) authorized Federal agents; (6) bank guards, etc.; (7) manufacturers, dealers, etc.; (8) a purchaser conveying his purchase under conditions enumerated; (9) licensed hunters or fishermen when the firearm is registered.

These exceptions are not applicable here and have no direct relevancy. They are enumerated to demonstrate the intent of the legislature and the all-embracing scope of the act.

Defendant is a music teacher and bandleader for the school district known as the Northwest Jointure which includes the Borough of Shickshinny. Together with his wife, he also operates a music store there.

Unhappy differences developed between the defendant and his associates and those in authority at the school which culminated in the fall of 1959, and relations were somewhat strained. At about this time it developed that defendant carried in his brief case, both on his person and in his car, two hand guns, a 38 caliber revolver and a 22 caliber target pistol and, by what appear to be carefully contrived accidents, these were discovered; in the school by a fellow teacher, Robert Martini, on October 21, 1959; and on the street by a fellow teacher, Marlyn H. Koch, on October 20, 1959. It happened on each occasion that the briefcase was

opened upon some pretext or other in the view of the witness, and the guns were casually revealed.

Defendant does not deny the ownership, possession or carrying of the guns on his person, concealed in the briefcase and in the car. He defends on the grounds (a) that he used the guns for target practice only, and (b) there is shown no intent to do bodily harm.

As to the first: Target practice comes within the prohibition of the act unless under conditions there specified, and these conditions defendant admittedly has not met. As to the second: Intent to do harm is immaterial.

Section 416 of the same act, as amended, also interdicts carrying deadly weapons, and, under that section, such intent is set forth as an ingredient of the crime and to sustain a conviction must be proved. But defendant is not indicted under that section and it has no application. It is significant and sufficient to note that the words "intent to do," etc., included in section 416, as amended, are omitted from section 628, as amended, under which this indictment is drawn, and we can only conclude that the legislature did this by design and its omission has significance. Here, intent to do harm is immaterial and need not appear. Simple intent to carry the weapon is enough.

As to the law generally see The Penal Code of 1939, sec. 628, as amended, 18 PS §4628 (e) ; Commonwealth v. Festa, 156 Pa. Superior Ct. 329, 337, and Commonwealth v. Grab, 54 D. & C. 233, and cases there cited.

Counsel for defendant argues that a firearm carried in a briefcase does not come within the purview of the act as "concealed on or about his person." We cannot agree.

In Commonwealth v. Reynolds, 4 D. & C. 262, defendant, tried under previous legislation, was found guilty *of carrying a concealed deadly weapon on his person* which, at the time, was contained in the pocket

of his overcoat hung over his arm. How much clearer is the offense when the statute reads *"on or about his person"* and the interdicted weapon is carried in a briefcase in his hand?

Counsel also argues that immediate and convenient accessibility to the weapon is an ingredient and quotes Sutherland v. Commonwealth, 109 Va. 834, 65 S. E. 15, where it was carried in a closed saddle bag and defendant was acquitted. To the same effect he cites State v. Weston, 108 S. C. 383, 94 S. E. 871, a South Carolina case, in which the weapon was carried about in a satchel or suitcase. But, these are not Pennsylvania authorities, and we must decline to be governed by them here. As we view the wording "in any vehicle . . . or about his person" as set forth in the Pennsylvania statute, we must conclude (1) that immediate and convenient accessibility is not an ingredient, or (2) if so, the weapon here was immediately conveniently accessible under the circumstances described. To hold otherwise would be to put the stamp of judicial approval on the very conduct which the law prohibits; it would be an open invitation to the lawless.

One final word: The statute bans the carrying ". . . in any vehicle or concealed on or about his person . . ." The indictment here charges the carrying as "concealed on or about his person" and no mention is made of the vehicular violation. Because of this, counsel would have us exclude the latter from our consideration, although both types of violation were freely admitted as we construe the evidence. We believe we must, in fairness, limit ourselves to the charge as laid in the indictment, and we shall consider that only.

Defendant's testimony then is tantamount to an admission of guilt of carrying on or about his person two firearms, to wit, a 38 caliber S. & W. revolver and a 22 caliber H. and R. revolver. We must so construe it.

Wherefore, we find defendant guilty as indicted and direct that he appear for sentence.