**Norfolk**

DONALD EDWARD WATSON

v.

COMMONWEALTH OF VIRGINIA

No. 0353-92-1

Decided September 21, 1993

COUNSEL

Byron W. Waters, for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Donald Edward Watson (defendant) was convicted in the trial court of carrying a concealed weapon in violation of Code § 18.2-308. He contends on appeal that the evidence does not support the conviction because the offending pistol was not a weapon carried "about his person." We disagree and affirm the conviction.

The facts are not in dispute. On July 20, 1991, Officer Lucas of the Suffolk Police Department stopped a vehicle for an "equipment violation." Defendant was the driver, and a routine license check disclosed that his operator's license was "suspended." In such instances, local police policy required that the vehicle be towed to a secure area and, in a related procedure, Officer DeBusk inventoried the contents of the car. DeBusk discovered a "fully loaded" pistol "under the driver's floor mat," "completely out of sight," and "seized the weapon." Defendant was subsequently "taken to headquarters and charged" with a violation of Code § 18.2-308.

On cross-examination, DeBusk testified that the gun "was placed underneath the floor mat on the lower left hand corner, close to the door" of the "driver's compartment" and near the edge of the mat. He recalled that "[y]ou could reach your left hand down and pull the weapon out" while "sitting in the driver's seat" without "too abrupt a movement." DeBusk described the location as "easily accessible."

██ It is well established that "[t]he judgment of the court sitting without a jury will not be set aside unless it is plainly wrong or without evidence to support it. However, a trial court's conclusion based on evidence that is 'not in material conflict' does not have this bind-

ing effect on appeal." *Williams v. Commonwealth,* 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992) (quoting *Hankerson v. Moody,* 229 Va. 270, 274-75, 329 S.E.2d 791, 794 (1985)). A "trier of fact . . . 'may not arbitrarily disregard uncontroverted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record,'" and a finding under such circumstances presents a question of law, reviewable by this Court on appeal. *Id.* at 669-70, 418 S.E.2d at 348.

■ Code § 18.2-308(A) provides, in pertinent part, that "[i]f any person carries about his person, hidden from common observation, (1) any pistol, revolver, or other weapon . . . he shall be guilty of a Class 1 misdemeanor." "The purpose of the statute was to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use." *Sutherland v. Commonwealth,* 109 Va. 834, 835, 65 S.E. 15, 15 (1909); *Schaaf v. Commonwealth,* 220 Va. 429, 430, 258 S.E.2d 574, 574-75 (1979).

■ The Supreme Court has twice addressed the intendment of the statutory language "about his person." Code § 18.2-308. In *Sutherland,* the Court reasoned that " '[a]bout the person' must mean that it is so connected with the person as to be readily accessible for use or surprise if desired" and found that a pistol in a "scabbard," carried in a "pair of saddle-bags, with the lids down," did not violate the statute. 109 Va. at 835-36, 65 S.E. at 15. Later, in *Schaaf,* the court revisited the issue and, citing with approval the *Sutherland* definition of "about the person," affirmed the conviction of a woman for carrying a gun in her "zippered" handbag. 220 Va. at 430, 258 S.E.2d at 574. Though noting that *Sutherland* could be distinguished on its facts, the *Schaaf* court expressly overruled the earlier decision "to the extent that there may be a conflict." *Id.* at 432, 258 S.E.2d at 575.

Defendant argues that both *Sutherland* and *Schaaf* instruct that an analysis of accessibility turns upon "the motion required to bring the weapon to bear." "If significant body motion . . . is required, then . . . the weapon is not readily accessible," because the movement would displace any element of surprise. Defendant acknowledges on brief that the weapon in issue was "[s]urely . . . 'accessible'" but not "readily" so due to the "body movement required . . . to reach the pistol." This view, however, ignores the "plain meaning" of Code § 18.2-308 and attendant case law and urges an impermissibly "narrow and strained" construction of the statute. *Crews v. Commonwealth,* 3 Va.

App. 531, 535-36, 352 S.E.2d 1, 3, *appeal refused*, 360 S.E.2d 715 (Va. 1987).

■ Accessibility of a concealed weapon for "prompt and immediate use" is clearly the evil proscribed by the statute. *Sutherland*, 109 Va. at 835, 65 S.E. at 15; *Schaaf*, 220 Va. at 430, 258 S.E.2d at 574-75. Judicial use of the term "readily" simply recognizes that the availability contemplated by the statute means "in a ready manner" or "without much difficulty." *Webster's Ninth New Collegiate Dictionary* 980 (1989). Doubtless, the location of a weapon is a significant circumstance for the court to consider in weighing accessibility. However, a weapon is not, as defendant urges, inaccessible "as a matter of law" if available only upon noticeable "body motion."

Here, the loaded pistol was a weapon "readily accessible" to defendant with only the slightest movement and, thus, "carrie[d] about his person" in violation of Code § 18.2-308. It was, as the trial judge concluded, "more accessible . . . than even if [defendant] had had it in his pocket."

Accordingly, the trial court correctly construed and applied the statute to the evidence, and we affirm its judgment.

*Affirmed.*

Baker, J., and Willis, J., concurred.