**Alexandria**

ROBERT B. LEITH

v.

COMMONWEALTH OF VIRGINIA

No. 1207-92-4

Decided February 1, 1994

Counsel

Roger A. Potter (Potter & Evans-Potter, on briefs), for appellant.

Richard B. Smith, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

Opinion

**MOON, C.J.**—Appellant Robert B. Leith was convicted of carrying a concealed weapon in violation of Code § 18.2-308.[1] Leith contends that because his pistol was in the locked console of his automobile, the pistol was not a weapon carried "about his person" and was not "readily accessible to him." We disagree and affirm his conviction.

The facts of this case are undisputed. On July 22, 1991, a police officer observed Leith make an improper left turn. During the traffic stop which ensued, Leith voluntarily informed the officer that a pistol was contained in the locked console compartment, located between the driver's seat and the front passenger seat.

Leith's vehicle was a jeep with no sides or trunk. The console compartment containing the pistol was made of diamond plate steel, was bolted to the floor of the jeep and was locked by a key lock. A key fitting the lock was on the key ring with the ignition key.

The officer used the key to open the console and retrieve a loaded pistol. He then confiscated the pistol and arrested Leith for carrying a concealed weapon.

Whether a weapon is upon a person or is readily accessible are largely questions of fact that must be left to reasonable inferences drawn by the fact finder from the facts and circumstances of the case. On appeal, we review the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly deducible therefrom. *Traverso v. Commonwealth,* 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). "The judgment of the court sitting without a jury will not be set aside unless it is plainly wrong or without evidence to support it." *Williams v. Commonwealth,* 14 Va. App. 666,

---

[1] Code § 18.2-308(A) provides, in pertinent part:

If any person carries about his person, hidden from common observation, (i) any pistol, revolver, or other weapon designed or intended to propel a missile of any kind . . . he shall be guilty of a Class 1 misdemeanor.

669, 418 S.E.2d 346, 348 (1992). This case turns upon mixed questions of fact and law whether the pistol was about the person of Leith and readily accessible to him.

Leith's argument that his pistol was not about his person because it was not physically connected to him has been previously rejected in *Schaaf v. Commonwealth*, 220 Va. 429, 258 S.E.2d 574 (1979). There, the Supreme Court concluded that a pistol contained in a zippered handbag carried by the accused met the definition of a concealed weapon under Code § 18.2-308. Likewise, this Court has held that a pistol completely out of sight " 'underneath the floor mat on the lower left hand corner, close to the door' of the 'driver's compartment' " was "about [the driver's] person." *Watson v. Commonwealth*, 17 Va. App. 124, 125 435 S.E.2d 428, 429 (1993). *See also Hall v. Commonwealth*, 12 Va. App. 559, 564, 389 S.E.2d 921, 924 (1991) (holding that the phrase, "about his person," simply means close to the carrier).

Leith's pistol was certainly close to him. The console compartment was located adjacent to the area that he was sitting. Thus, the evidence supported the judge's finding that the weapon was concealed "about the person" within the meaning of Code § 18.2-308.

■ Leith's second contention is that, because the console was locked, his pistol was not in violation of the statute because it was not readily accessible to him. Accessibility of a concealed weapon for "prompt and immediate use" is clearly the evil proscribed by the statute. *Schaaf*, 220 Va. at 430, 258 S.E.2d at 574-75. "The traditional purpose of [concealed weapon] statutes is generally recognized as protection of the public by preventing individuals from having, readily available for use, weapons of which others are unaware." *Municipality of Anchorage v. Lloyd*, 679 P.2d 486, 487 (Alaska Ct. App. 1984).

■ We disagree with Leith's claim that his weapon was not readily accessible because the console was locked. For a weapon to be "readily accessible," it simply has to be "near or about the carrier's person." *Schaaf*, 220 Va. at 431, 258 S.E.2d at 575. "Judicial use of the term 'readily' simply recognizes that the availability contemplated by the statute means 'in a ready manner' or 'without much difficulty.' " *Watson v. Commonwealth*, 17 Va. App. at 127, 435 S.E.2d at 430 (quoting *Webster's Ninth New Collegiate Dictionary* 980 (1989)).

Although this Court has not dealt with the issue of whether a weapon placed within a locked compartment is readily accessible,

several other jurisdictions have upheld convictions where the weapon was locked in a glove compartment. The rationale in *City of Cleveland v. Betts*, 148 N.E.2d 708 (Ohio Ct. App.), *aff'd*, 154 N.E.2d 917 (1950), best summarizes this position:

> The defendant's contention that a concealed weapon in a glove compartment of an automobile, then in his charge and being driven by him, is not concealed on or about his person cannot be supported. The fact that the glove compartment was locked when the officers searched the automobile is of no moment. The defendant was in complete control of the situation with the key at his immediate command. Whether the compartment was locked or unlocked was a matter of the defendant's choice. The presence of defendant's revolver within easy reach was clearly "on or about" his person.

*Id.* at 710. *See also State v. Harp*, 680 S.W.2d 297 (Mo. Ct. App. 1984); *In the Matter of Two Seized Firearms*, 127 N.J. 84, 90, 602 A.2d 728, 731 (1992).

Leith's pistol was located in the jeep's console. The console is in closer proximity to his person than a glove compartment. The pistol in the console was closer to Leith's hand than was the pistol under the floor mat in *Watson*. Leith had immediate and direct access to the weapon, as the key to the console was on the same key ring as the ignition key. Leith had immediate access to the locked compartment and, ultimately, to the pistol.

Leith's argument that his weapon was inaccessible because he had to take his key and unlock the console fails for the same reason that the Supreme Court rejected Schaaf's argument that having to unzip her handbag rendered her weapon inaccessible. We reject Watson's argument that having to resort to significant body motion rendered his weapon inaccessible. The fact finder could reasonably infer that Leith, as did Schaaf and Watson, had the concealed weapon readily accessible for "prompt and immediate use."

*Affirmed.*

Elder, J., and Duff, S.J.,* concurred.

---

*Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993, pursuant to Code § 17-116.01:1.