COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Overton
Argued at Norfolk, Virginia


ROMMEL CASTRO ELECCION
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2162-95-1     JUDGE NELSON T. OVERTON
                                        OCTOBER 1, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                       Thomas S. Shadrick, Judge

          William F. Burnside, Assistant Public
          Defender, for appellant.

          Monica S. McElyea, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     A police officer stopped Rommel Castro Eleccion driving on

school grounds.  Eleccion had a butterfly knife under the floor

mat on the driver's side and was charged with possession of a

concealed weapon in violation of Code § 18.2-308.  He was

convicted in a bench trial and now appeals, contending (1) that

his knife is not a weapon for the purposes of this statute, and

(2) that the knife was not about his person.  We disagree with

both contentions and affirm the conviction.

          The statute in issue reads in relevant part:
               A.  If any person carries about his
          person, hidden from common observation,
          (i) any pistol, revolver, or other weapon
          designed or intended to propel a missile of
          any kind, or (ii) <u>any dirk, bowie knife,
          switchblade knife, ballistic knife, razor</u>,
          slingshot, spring stick, metal knucks,

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> blackjack, or . . . (v) <u>any weapon of like
> kind as those enumerated in this subsection</u>,
> he shall be guilty of a Class 1 misdemeanor.

Code § 18.2-308 (emphasis added).  The trial judge, after examining the butterfly knife and consulting a common dictionary, ruled that the knife, when in the open position, was about the same size as, and looks similar to, a dirk or dagger.  He held that the knife was a "weapon of like kind" to a dirk and therefore a weapon under Virginia's concealed weapon statute.  The evidence in the record supports this conclusion and we find no error on this issue.[1]

We also find that the knife in this case was about the person.  "'About the person' must mean that it is so connected with the person as to be readily accessible for use or surprise if desired."  <u>Schaaf v. Commonwealth</u>, 220 Va. 429, 430, 258 S.E.2d 574, 575 (1979) (quoting <u>Sutherland's Case</u>, 109 Va. 834, 835, 65 S.E. 15, 15 (1909)).  This Court has consistently held that areas around the driver of a car have been about the person.  See, e.g., <u>Leith v. Commonwealth</u>, 17 Va. App. 620, 440 S.E.2d 152 (1994) (pistol locked in the glove compartment); <u>Watson v. Commonwealth</u>, 17 Va. App. 124, 435 S.E.2d 428 (1994) (pistol under driver's floor mat).  Eleccion's knife under his floor mat

---

[1] Having found that the butterfly knife is a weapon of like kind to a dirk, we decline to decide whether a butterfly knife is encompassed within the meaning of "switchblade," as other jurisdictions have done.  <u>See, e.g.</u>, <u>State v. Riddall</u>, 811 P.2d 576 (N.M. 1991) (holding a butterfly knife to be within the statutory definition of a switchblade); <u>State v. Strange</u>, 785 P.2d 563 (Alaska Ct. App. 1990) (finding the contrary).

does not warrant an exception to this rule.

Accordingly, the conviction is affirmed.

<u>Affirmed.</u>