Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.[1]

JOSEPH CLIFTON PRUITT

                                        OPINION BY
v.  Record No. 061701    JUSTICE LAWRENCE L. KOONTZ, JR.
                                  September 14, 2007
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, the sole issue we consider is whether the evidence was sufficient to convict the defendant of violating Code § 18.2-308(A) for concealing a weapon "about his person" as a second offense.

BACKGROUND

Although the principal facts are not in dispute, under the well-established standard for analyzing a challenge to the sufficiency of the evidence in a criminal case, we review those facts in the light most favorable to the Commonwealth, drawing all reasonable inferences in the Commonwealth's favor as the prevailing party at trial.  Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005).  The judgment of the trial court will be reversed only upon a showing that it "is plainly wrong or without evidence to support it."  Code § 8.01-680; Viney, 269 Va. at 299, 609 S.E.2d at 28.

---

[1] Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on August 16, 2007.

On the morning of October 6, 2004, Joseph Clifton Pruitt was involved in an automobile accident at the intersection of South Main Street and the Danville Expressway in the City of Danville.  Pruitt was driving a 1995 Ford Thunderbird and was on his way to work in Greensboro, North Carolina when another vehicle pulled out in front of his vehicle, causing a collision.  Prior to the collision, Pruitt was in possession of a .357 caliber Sig-Sauer pistol that he had placed on the front passenger seat of his vehicle as he was leaving for work.  Pruitt carried the pistol for personal protection because he traveled early in the morning and late at night.

As a result of the collision, which caused the airbags in Pruitt's vehicle to deploy, the pistol fell off the passenger seat onto the floor of the vehicle.  There, the pistol remained in full view.  Pruitt had been "thrown around" in his vehicle, had suffered injuries to his knee and wrist, and his head was bleeding.  Believing that his vehicle was damaged to the extent that it would have to be towed from the accident scene, Pruitt retrieved the pistol, placed it in the console compartment between the vehicle's front seats, and immediately exited the vehicle.  When Officer Clark C. Gagnon of the Danville City Police, responding to a report of the accident, arrived on the scene, Pruitt was outside his vehicle with the doors closed and the windows up.

After advising Pruitt that his vehicle would have to be towed, Officer Gagnon performed an inventory search of the vehicle pursuant to a written police department policy. During that search, Gagnon opened the console compartment and found the pistol Pruitt had placed there. Officer Gagnon then went to a nearby ambulance where Pruitt was being treated for his injuries and informed him that he would be charged with possession of a concealed weapon in violation of Code § 18.2-308(A).

At a subsequent bench trial held in the Circuit Court of the City of Danville on March 17, 2005, the Commonwealth presented evidence to support the charge of a violation of Code § 18.2-308(A), principally through the testimony of Officer Gagnon. Without objection from Pruitt, the Commonwealth also introduced a copy of Pruitt's 1997 conviction for carrying a concealed weapon. Pruitt testified on his own behalf and, during cross-examination by the Commonwealth, he conceded that his prior conviction for carrying a concealed weapon resulted from his having carried a pistol in a console compartment of a vehicle.

In arguing to strike the Commonwealth's evidence and again in closing argument, Pruitt contended that the evidence was insufficient to show that he had concealed the pistol "about his person" as required by Code § 18.2-308(A) because

3

he had exited the vehicle immediately upon placing the pistol in the console compartment. Pruitt contended that his intent was to secure the weapon so that it would not be in plain view because he believed that this was the prudent course of action. The Commonwealth contended that so long as Pruitt remained in the vicinity of the vehicle, the pistol was concealed about his person for purposes of Code § 18.2-308(A).

In its summation, the circuit court stated that it accepted Pruitt's testimony that the pistol had not been concealed prior to the accident and his explanation as to why he had placed the pistol in the console compartment. Nonetheless, the court found the evidence was sufficient to convict Pruitt of carrying a concealed weapon. The court indicated, however, that it would be willing to reconsider the issue prior to sentencing after receiving a presentence report and reviewing the applicable case law.

At a sentencing hearing held April 29, 2005, the parties again briefly addressed the issue whether the evidence showed that Pruitt had concealed the pistol "about his person." The circuit court reiterated that while there were "mitigating circumstances," it remained of opinion that the evidence was sufficient to convict Pruitt of concealing the pistol in violation of Code § 18.2-308(A). The court sentenced Pruitt to three years in prison, suspending the entire sentence.

Pruitt noted an appeal to the Court of Appeals of Virginia, which refused his petition for appeal by an unpublished order. Pruitt v. Commonwealth, Record No. 1135-05-3 (May 24, 2006). Citing Leith v. Commonwealth, 17 Va. App. 620, 621-23, 440 S.E.2d 152, 153-54 (1994) and Watson v. Commonwealth, 17 Va. App. 124, 127, 435 S.E.2d 428, 430 (1993), the Court of Appeals found that "[f]rom his position next to the driver's door, [Pruitt] could have easily obtained his gun from the console. This evidence supported the trial judge's finding that the weapon was concealed 'about the person' within the meaning of Code § 18.2-308." Id. Following Pruitt's application for a review by a three-judge panel of the Court of Appeals, the petition was again refused for the reasons stated in the Court's prior order. Pruitt v. Commonwealth, Record No. 1135-05-3 (August 11, 2006). We awarded Pruitt this appeal.

                    DISCUSSION

In relevant part, Code § 18.2-308(A) provides that:

> If any person carries about his person, hidden
> from common observation . . . any pistol . . . he
> shall be guilty of a Class 1 misdemeanor. A second
> violation of this section . . . shall be punishable
> as a Class 6 felony.

Pruitt contends that the circuit court and the Court of Appeals both erred in concluding that he had concealed his pistol in violation of Code § 18.2-308(A) because, by

immediately exiting his vehicle after placing his pistol in the console compartment, that weapon was never "about his person" as required by the statute. This is so, he maintains, because this Court has held in prior cases interpreting the phrase "about his person" that a weapon must be "so connected with the person as to be readily accessible for use or surprise, if desired." Sutherland v. Commonwealth, 109 Va. 834, 835, 65 S.E. 15, 15 (1909); accord Schaaf v. Commonwealth, 220 Va. 429, 430, 258 S.E.2d 574, 574-75 (1979). Pruitt further asserts that the particular facts in this case support his contention that the pistol was not readily accessible to him and, thus, distinguish the present case from the cases cited by the Court of Appeals where weapons also were concealed within vehicles. See, e.g., Leith, 17 Va. App. at 621, 440 S.E.2d at 153 (during traffic stop, driver voluntarily advised officer that a pistol was in the locked console compartment); Watson 17 Va. App. at 125, 435 S.E.2d at 429 (pistol discovered concealed under floormat after driver was arrested following a traffic stop).

The Commonwealth maintains that, subject to certain exceptions not applicable on these facts, see Code § 18.2-308(B) and Code § 18.2-308(C), a violation of Code § 18.2-308(A) is an inchoate offense committed upon concealment of a weapon. Farrakhan v. Commonwealth, 273 Va. 177, 182, 639

6

S.E.2d. 227, 230 (2007). Therefore, the Commonwealth contends that the instant Pruitt closed the console compartment in which he placed the pistol, Pruitt was guilty of violating Code § 18.2-308(A). Additionally, even after Pruitt exited his vehicle, the Commonwealth contends that the pistol remained about Pruitt's person because he "had only to open the car door, lean in and open the console to secure the weapon in mere seconds." We disagree with the Commonwealth.

First, the Commonwealth's reliance on Farrakhan is misplaced. While we did state in Farrakhan that "[b]ecause an offense under Code § 18.2-308(A) is 'possessory' in nature, it is committed upon concealment," id., we were not concerned in that case with whether the defendant concealed a weapon "about his person," but whether the item he had concealed within a pocket of his clothing was a "weapon of like kind" within the meaning of Code § 18.2-308(A). There was simply no issue in Farrakhan as to whether the item was concealed "about his person."

By contrast, in this case, the issue is whether a weapon is concealed "about [the] person" of the defendant as contemplated by Code § 18.2-308(A) when he places it into a closed compartment inside a vehicle as he is exiting the vehicle. In all previous cases decided by this Court and the Court of Appeals construing the term "about his person" where

7

the weapon was not concealed by or in the defendant's clothing, the issue was whether the weapon remained "so accessible as to afford prompt and immediate use" by the defendant while it was concealed. Sutherland, 109 Va. at 835, 65 S.E. at 15.

In Sutherland, for example, the defendant placed a holstered pistol in a saddlebag that he carried in his hands, id., while in Schaaf the pistol was in a handbag carried by the defendant. Schaaf, 220 Va. at 430, 258 S.E.2d at 574. In Sutherland, we held that a holstered pistol within a saddlebag was not "so connected with the person as to be readily accessible for use or surprise if desired" and, thus, though "hid[den] from common observation," as the relevant statute required, it was not within the intendment of the statute's further requirement that the weapon be "about his person." Sutherland, 109 Va. at 835-36, 65 S.E. at 15-16. However, distinguishing and narrowing the holding in Sutherland by noting that a handbag was usually carried closer to the defendant's person than was a saddlebag and was of a character that its contents were more readily accessible, in Schaaf we held that a pistol loose in a zippered handbag was about the

8

defendant's person.[2]  Schaaf, 220 Va. at 431, 258 S.E.2d at 575.

Although the principle underlying Sutherland and Schaaf – that the harm to be interdicted by Code § 18.2-308(A) is the accessibility of a concealed weapon for prompt and immediate use – is applicable in this case, those cases do not resolve our analysis.  It is self-evident that when a person conceals a weapon in an enclosed console of a vehicle and then exits that vehicle, the weapon is not as readily accessible as a weapon concealed in a carried bag or satchel.  Similarly, the Court of Appeals' decisions in Leith and Watson are inapposite here because in both of those cases it is readily apparent that the defendants remained inside the vehicles in close proximity to where the weapons were concealed until directed to exit the vehicles by the police.  Thus, in each of those cases, there was no doubt that the weapons remained so accessible to the defendants as to afford prompt and immediate use.

The undisputed facts in the instant case are clearly distinguishable from those in Schaaf, Leith, and Watson. There simply is no evidence demonstrating that Pruitt remained

---

[2] In Schaaf, we also held that "[w]hile Sutherland can be distinguished from this case on the facts, to the extent that there may be a conflict Sutherland is overruled."  Id. at 432, 258 S.E.2d at 575.

in the vehicle for any appreciable length of time beyond that necessary to place his pistol in the console compartment. Granting all reasonable inferences to the Commonwealth, the evidence established that Pruitt placed the pistol inside the console compartment as he was exiting his vehicle. Once he exited the vehicle and closed the door, the pistol was no longer accessible to him so as to afford "prompt and immediate use." Thus, we hold that at no time while the pistol was concealed inside the console compartment was it "about [Pruitt's] person" as required by the statute.

CONCLUSION

For these reasons, we hold that the Court of Appeals erred in holding that the evidence was sufficient to find Pruitt guilty of concealing a weapon in violation of Code § 18.2-308(A) and in upholding the judgment of the circuit court in that regard. Because the evidence was not sufficient to show that Pruitt concealed the pistol about his person, we will reverse the judgment of the Court of Appeals, vacate Pruitt's conviction, and dismiss the indictment against him.

<u>Reversed and dismissed</u>.