COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Humphreys and McClanahan
Argued by teleconference


RICARDO FRANCOIS JOHNSON
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0877-10-3                      JUDGE ROBERT P. FRANK
                                                    DECEMBER 14, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF AMHERST COUNTY
                        J. Michael Gamble, Judge[1]

        Jerome H. Gress for appellant.

        Karen Misbach, Assistant Attorney General (Kenneth T. Cuccinelli,
        II, Attorney General, on brief), for appellee.


        Ricardo Francois Johnson, appellant, was convicted, in a bench trial, of possession of a

concealed weapon, second offense, a felony in violation of Code § 18.2-308.  On appeal, he

challenges the sufficiency of the evidence.  Specifically, he contends there was no evidence to

prove the concealed weapon was "about his person."  For the reasons stated, we affirm the

judgment of the trial court.

                                      BACKGROUND

        In accord with settled standards of appellate review, we view the evidence and all

reasonable inferences that may be drawn from that evidence in the light most favorable to the

Commonwealth, the party prevailing below.  Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d

760, 762 (2004).

------

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The Honorable John T. Cook presided over the proceedings that are the subject of this
appeal.

So viewed, on June 25, 2009, Investigator David Hill of the Amherst County Sheriff's Office saw a vehicle pull into a driveway. Hill exited his vehicle. As he approached, all four occupants exited their vehicle, with appellant leaving from the rear passenger side. Police patted down all four occupants and found no weapons or contraband. Hill obtained permission from the driver to search the vehicle. During the search, Hill found a .45 semi-automatic firearm beneath a red T-shirt in the "center area of the back seat" immediately adjacent to where appellant had been sitting. Appellant indicated the gun was his, and admitted he had no concealed weapon permit. Appellant denied the red shirt was covering the gun when he exited the vehicle. None of the occupants returned to the vehicle after they had exited.

At trial, appellant and two of the passengers testified the T-shirt did not cover the weapon. They indicated the shirt was still on the vehicle's floor when they exited.

Appellant moved to strike the evidence on two grounds: the gun was not concealed when appellant exited the car, and because appellant was outside the vehicle when the weapon was found, he did not have access to the gun. Therefore, appellant argued, the weapon was not "about his person," as required by Code § 18.2-308.

The trial court denied the motion to strike, rejecting appellant's and his witnesses' testimony that the gun was not concealed.[2] The trial court also rejected appellant's argument that he had no access to the weapon.

This appeal follows.

---

[2] Whether the weapon was concealed is not raised in the assignment of error nor was it argued on brief. Thus, we will not consider it. Rule 5A:20(c) mandates that this issue is waived, because it is not part of appellant's assignments of error. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); see also Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.").

ANALYSIS

On appeal, the narrow issue is whether the concealed weapon was "about [appellant's] person" since appellant was standing outside the vehicle when the concealed weapon was discovered.

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). In practical terms, a reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Code § 18.2-308(A) makes it unlawful for any person to "carr[y] about his person, hidden from common observation, (i) any pistol, revolver, or other weapon designed or intended to propel a missile of any kind by action of an explosion of any combustible material . . . ." "Whether a weapon is upon a person or is readily accessible are largely questions of fact that

must be left to reasonable inferences drawn by the fact finder from the facts and circumstances of the case." Leith v. Commonwealth, 17 Va. App. 620, 621, 440 S.E.2d 152, 153 (1994).

The purpose of the concealed weapon statute is "'to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use.'" Schaaf v. Commonwealth, 220 Va. 429, 430, 258 S.E.2d 574, 574-75 (1979) (quoting Sutherland v. Commonwealth, 109 Va. 834, 835, 65 S.E. 15, 15 (1909)). Thus, to serve that purpose, the only possible meaning for the phrase "about his person" must be that the firearm is "so connected with the person as to be readily accessible for use or surprise if desired." Sutherland, 109 Va. at 835, 65 S.E. at 15. "Judicial use of the term 'readily' simply recognizes that the availability contemplated by the statute means 'in a ready manner' or 'without much difficulty.'" Watson v. Commonwealth, 17 Va. App. 124, 127, 435 S.E.2d 428, 430 (1993) (citing Webster's Ninth New Collegiate Dictionary 980 (1989)). Like the Court in Watson, we have no doubt that the accessibility discussed in Sutherland and Schaaf depends significantly on the location of the weapon in relation to the accused. Id.; see also Hunter v. Commonwealth, 56 Va. App. 50, 690 S.E.2d 792 (2010).

Appellant relies on Pruitt v. Commonwealth, 274 Va. 382, 650 S.E.2d 684 (2007), to support his argument that because appellant was outside the vehicle, the weapon was not "readily accessible," i.e., not "about his person."

Pruitt had placed a handgun on the seat of his car. Id. at 384, 650 S.E.2d at 684. He then was involved in an automobile accident. Upon impact, the gun fell to the floor. Knowing his car would be towed, he placed the weapon in a console compartment and immediately exited his vehicle. Pruitt remained outside his vehicle with the doors and windows closed. Id. In reversing Pruitt's conviction for concealing a weapon, the Supreme Court of Virginia found the weapon was not readily accessible to Pruitt. Id. at 389, 650 S.E.2d at 687. The Court concluded:

There simply is no evidence demonstrating that Pruitt remained in the vehicle for any appreciable length of time beyond that necessary to place his pistol in the console compartment. Granting all reasonable inferences to the Commonwealth, the evidence established that Pruitt placed the pistol inside the console compartment as he was exiting his vehicle. Once he exited the vehicle and closed the door, the pistol was no longer accessible to him so as to afford "prompt and immediate use."

Id. at 388-89, 650 S.E.2d at 687.

Clearly, the Court focused on Pruitt's presence outside the car. The Court concluded the weapon had not been concealed prior to Pruitt's placing it in the console, and it was not "about his person" for the instant Pruitt put it in the console. The Court noted that Pruitt did not remain in the vehicle "for any appreciable length of time beyond that necessary to place his pistol in the console compartment." Id. at 388, 650 S.E.2d at 687. Here, because appellant was a passenger in the vehicle, we conclude that he remained in the vehicle for an "appreciable length of time."

It is interesting to note that Pruitt distinguished Leith (weapon located in car's console adjacent to where Leith sat) and Watson (weapon found in Watson's purse) because:

in both of those cases it is readily apparent that the defendants remained inside the vehicles in close proximity to where the weapons were concealed until directed to exit the vehicles by the police. Thus, in each of those cases, there was no doubt that the weapons remained so accessible to the defendants as to afford prompt and immediate use.

Pruitt, 274 Va. at 384, 650 S.E.2d at 684. Clearly, the Leith and Watson cases were distinguished because the offenses were completed while the defendants were in the car.

We reject appellant's argument that Pruitt controls. In the instant case, the officer saw appellant inside the car, who was in close proximity to the concealed weapon.[3] At that point in

---

[3] Appellant does not claim that he had no access to the weapon while seated in the vehicle. He conceded at oral argument that while he was seated he had access to the weapon.

time, the weapon was "about the person." We need not consider what happened after he left the vehicle, unlike Pruitt.

The relevant inquiry is when did the offense occur, inside or outside the vehicle? We conclude that when appellant sat in the back seat of the vehicle, in close proximity to the concealed weapon, the offense was complete. There are only two explanations regarding when the gun was concealed, namely, either before appellant exited the car, or afterwards. Officer Hill testified that when he searched the vehicle, he observed a shirt concealing the gun. He also stated that after the four occupants exited the car, no one returned to the vehicle. Therefore, the only explanation is that the weapon was concealed prior to appellant leaving the back seat. While appellant testified the shirt was not on the weapon when he exited, the trial court clearly did not accept that testimony. See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991) (explaining that a trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely"). Thus, it is reasonable for the trial court to infer the weapon was concealed while appellant sat in close proximity to it. Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447.

## CONCLUSION

For the foregoing reasons, appellant's conviction is affirmed.

Affirmed.