COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Clements
Argued at Richmond, Virginia


BERNARD LAMONT RUTH

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1430-10-2              JUDGE JEAN HARRISON CLEMENTS
                                                         OCTOBER 18, 2011
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Catherine C. Hammond, Judge

          John W. Parsons for appellant.

          Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


      Bernard Lamont Ruth, appellant, appeals his conviction for carrying a concealed weapon,

second offense, in violation of Code § 18.2-308(A).  On appeal, he argues the evidence was

insufficient to prove he concealed the weapon "about his person."  For the reasons that follow, we

agree that the evidence was insufficient to support the conviction and we reverse and dismiss.

                                         BACKGROUND

      As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

      In accord with settled standards of appellate review, we view the evidence and all

reasonable inferences that may be drawn from that evidence in the light most favorable to the

---

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, the party prevailing below. <u>Yopp v. Hodges</u>, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004).

So viewed, the evidence shows Officer Michael Mack arrived at an apartment complex at 6:30 p.m. on April 6, 2009 to investigate a complaint. Mack testified that, when he arrived at the complex, he saw appellant walk to the end of a hallway. Mack testified, "I observed him bend over and place an object underneath . . . a cement rain catch" located under a downspout at the end of the hallway. Mack was unable to determine the nature of the object. On cross-examination Mack agreed appellant was "[d]oing something" that made Mack suspicious that perhaps appellant "was hiding something." Appellant walked away from the downspout, and Mack walked to the rain catch where he had seen appellant. Mack lifted the rain catch and saw a loaded handgun embedded in the mud underneath the rain catch. Mack found appellant about one block away from the location of the recovered gun. Appellant admitted to Mack that he owned the gun and that he had placed it underneath the rain catch. Appellant also told Mack he placed the gun in that location because he saw the police coming and he did not want to be shot.

Appellant testified in his own defense, and he acknowledged he had a prior conviction for violating Code § 18.2-308. He also admitted the gun belonged to him. Appellant testified that he had been to a gun range and he had put the gun in his right front pants pocket when he arrived at the apartment complex. He also stated the gun was "hanging out" of his pocket because he knew that if it was "all [the] way in [his] pocket" it would be considered concealed. Appellant testified he did not want children to see the gun so he placed the gun under the downspout. Appellant stated he then walked down the hallway to a friend's residence, where he stayed for forty-five minutes. He testified he "kept coming back to make sure no kids didn't go underneath the spout." As appellant was leaving the residence, he walked back to the end of the hallway to

retrieve the gun from the rain catch. Appellant testified he was slightly bent at the waist with his hand about three feet away from the hidden gun when he saw the officer looking at him. Appellant then decided to leave the gun in its hiding place, and he walked away.

The trial court found appellant guilty, stating, "I think with respect to the concealment in the rain gutter, the evidence is sufficient. . . . It was hidden. He intended to hide it. And during that episode that [sic] the crime was committed."

ANALYSIS

Code § 18.2-308(A) makes it unlawful for any person to "carr[y] about his person, hidden from common observation, (i) any pistol, revolver, or other weapon designed or intended to propel a missile of any kind by action of an explosion of any combustible material . . . ."

Appellant contends the evidence was insufficient to prove he violated Code § 18.2-308 because the weapon was not "about his person," as required by the statute. Appellant argues his actions of "walking around the apartment complex" after temporarily hiding the handgun rendered the gun no longer readily accessible to him for "prompt and immediate use."

"Whether a weapon is upon a person or is readily accessible are largely questions of fact that must be left to reasonable inferences drawn by the fact finder from the facts and circumstances of the case." Leith v. Commonwealth, 17 Va. App. 620, 621, 440 S.E.2d 152, 153 (1994) (concealed firearm located in locked console of vehicle was "about the person" of driver where key to console was on the key ring with key to ignition and driver had immediate access to locked compartment).

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). In practical terms, a reviewing court does not "'ask itself whether *it* believes that the

- 3 -

evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

The purpose of the concealed weapon statute is "'to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use.'" Schaaf v. Commonwealth, 220 Va. 429, 430, 258 S.E.2d 574, 575 (1979) (quoting Sutherland v. Commonwealth, 109 Va. 834, 835, 65 S.E. 15, 15 (1909)). "'The traditional purpose of [concealed weapon] statutes is generally recognized as protection of the public by preventing individuals from having, readily available for use, weapons of which others are unaware.'" Leith, 17 Va. App. at 622, 440 S.E.2d at 153-54 (quoting Municipality of Anchorage v. Lloyd, 679 P.2d 486, 487 (Alaska Ct. App. 1984)). "Accessibility of a concealed weapon for 'prompt and immediate use' is clearly the evil proscribed by the statute." Watson v. Commonwealth, 17 Va. App. 124, 127, 435 S.E.2d 428, 430 (1993). "A weapon is not . . . inaccessible 'as a matter of law' if available only upon noticeable 'body motion.'" Id.

"The phrase 'about his person' has developed a rather expansive content," Ronald J. Bacigal, Criminal Offenses & Defenses 624 (2010-11 ed.), to include a weapon "'that . . . is so connected with the person as to be readily accessible for use or surprise if desired,'" Schaaf, 220

Va. at 430, 258 S.E.2d at 575 (quoting Sutherland, 109 Va. at 835, 65 S.E. at 15). "For a weapon to be 'readily accessible,' it simply has to be 'near or about the carrier's person.' 'Judicial use of the term "readily" simply recognizes that the availability contemplated by the statute means "in a ready manner" or "without much difficulty."'" Leith, 17 Va. App. at 622, 440 S.E.2d at 154 (citations omitted). The phrase "about his person," therefore, requires a possessor to be "connected with the firearm for any appreciable period of time so as to make the firearm so accessible . . . as to prompt and immediate use." Hunter v. Commonwealth, 56 Va. App. 50, 65, 690 S.E.2d 792, 799 (2010) (citation and internal quotation marks omitted). "[T]he phrase 'about his person' has never *required* actual possession." Id. at 64, 690 S.E.2d at 799.

Appellant relies on Pruitt v. Commonwealth, 274 Va. 382, 650 S.E.2d 684 (2007), to support his argument that the gun was no longer accessible to him after he placed it under the rain catch and walked around the apartment complex.

Pruitt had placed a handgun on the seat of his car. Id. at 384, 650 S.E.2d at 684. He then was involved in an automobile accident. Upon impact, the gun fell to the floor. Knowing his car would be towed, Pruitt placed the weapon in a console compartment and immediately exited his vehicle. Id. at 385, 650 S.E.2d at 685. When the officer arrived at the scene, Pruitt was outside the vehicle with the doors and the windows closed. Id. The Supreme Court of Virginia found the weapon hidden in the console was not readily accessible to Pruitt. Id. at 389, 650 S.E.2d at 687. The Court concluded:

> There simply is no evidence demonstrating that Pruitt remained in the vehicle for any appreciable length of time beyond that necessary to place his pistol in the console compartment. Granting all reasonable inferences to the Commonwealth, the evidence established that Pruitt placed the pistol inside the console compartment as he was exiting his vehicle. Once he exited the vehicle and closed the door, the pistol was no longer accessible to him so as to afford "prompt and immediate use."

Id. at 388-89, 650 S.E.2d at 687.

The Court focused on Pruitt's presence outside the closed car. The Court concluded the weapon had not been concealed prior to Pruitt's placing it in the console, and it was not "about his person" for the instant Pruitt put it in the console. The Court noted that Pruitt did not remain in the vehicle "for any appreciable length of time beyond that necessary to place his pistol in the console compartment." Id. at 388, 650 S.E.2d at 687.

The facts of Pruitt are similar to the instant case. Pruitt concealed the gun in the console inside his vehicle, he immediately exited the vehicle, he closed the door to the vehicle, and he remained outside of the vehicle, leaving the gun no longer readily accessible to him. Here, Mack observed appellant walk to the back of an apartment hallway, "bend over and place an object underneath . . . a cement rain catch." Appellant then walked away. Appellant's gun had not been concealed prior to his placing it under the rain catch. As in Pruitt, no evidence showed that appellant remained in the proximity of the rain catch and the hidden gun "for any appreciable length of time beyond that necessary to place his pistol" under the rain catch. See id. at 388, 650 S.E.2d at 687. Once appellant walked away from the rain catch, the gun "was no longer accessible to him so as to afford 'prompt and immediate use.'" Id. at 389, 650 S.E.2d at 687. Under these circumstances and using the requisite standard of review, we hold that the evidence was insufficient to permit a reasonable trier of fact to conclude that the gun was "about the person" of appellant when he hid it under the rain catch and walked away.

For these reasons, appellant's conviction for violating Code § 18.2-308 is reversed and the charge is dismissed.

Reversed and dismissed.